New Jersey Department of Labor,
Workmen's Compensation Bureau.

GUSTAVE WEDLICK, PETITIONER, v. LACKAWANNA LAUNDRY COMPANY, RESPONDENT.

For the petitioner, *Nathan A. Whitfield,* for *Levenson, Comen & Levenson.*

For the respondent, *Stanley L. Otis.*

\* \* \* \* \* \* \*

2. The petitioner and respondent were formally notified by me by notice dated June 26th, 1928, that the petitioner would be heard by me on Friday, July 13th, 1928, at which time the matter was formally adjourned by consent to September 21st, 1928; on the last-mentioned date, the matter was formally adjourned at the request of the attorney for the respondent, by reason of the eye specialist's absence from the city to October 19th, 1928, and then adjourned to October 24th, 1928.

3. This matter coming on on the last-mentioned day, it appearing that an informal hearing had been had between the parties before Referee John Stahl, of the bureau of compensation, at which hearing it was disclosed that the petitioner was in the respondent's employ as a machinist and was injured on November 19th, 1927, in an accident arising out of and in the course of his employment, in which he sustained a fractured skull, and it further appearing that at the informal hearing the petitioner received the following award: Tem-

porary disability from November 19th, 1927, to March 12th, 1928, amounting to $266, and permanent disability, ten per cent. of the total, or fifty weeks at $17 per week, amounting to $850, based upon the state doctor's report.

4. It further appearing that the petitioner being dissatisfied with the permanent disability as aforesaid had filed the aforesaid petition claiming besides compensation for his injuries, a claim for medical services in the sum of $300, together with additional compensation for permanent disability.

5. It further appearing that the said petitioner returned to the hospital in April, 1928, for the purpose of undergoing an operation for a cellulitis of the neck. It further appearing that said respondent filed an answer setting forth the aforementioned informal hearing and denying any liability for any additional total permanent disability. It further appearing that it was a debatable medical question as to whether the aforementioned cellulitis of the neck resulted from the trauma received in the accident, or whether the petitioner was suffering from optic atrophy as a result of the said trauma and the amount of disability concerning a condition of otitis media or acute middle ear disease.

6. I therefore called Dr. P. J. Hamill, who treated the said petitioner for the respondent; Dr. A. C. Ruoff, who examined the petitioner for the said petitioner, and I also had before me report of Dr. Pyle as to the eye and ear condition; Dr. George F. Sullivan, a physician and surgeon, and an expert and a specialist for the treatment of eyes and ears, and also Dr. William J. Arlitz, a physician and surgeon and an expert of many years standing, who, being duly sworn, testified that petitioner had suffered a fracture of the skull and was also apparently suffering as a result of the said cellulitis of the neck and from the condition of the left ear, and that the settlement and agreement hereinafter mentioned was a reasonable one.

7. Under this posture of affairs, after considerable discussion, it was stipulated and agreed by and between the parties that in order to actually dispose of the matter and

terminate all claims of whatever name and nature by the petitioner against the respondent except for the purpose of this award, that an award should be made as follows:

For temporary disability from November 19th, 1927, to March 12th, 1928, all of which compensation has been paid— form 3 filed and approved, $266; compensation for permanent disability representing thirty per cent. loss or one hundred and fifty weeks at $17 per week (less payments already made), $2,550; medical bill of Dr. William J. Arlitz (one-half of which is to be paid by the respondent and one-half by the petitioner), $100; medical bill of Dr. Andrew C. Ruoff (one-half of which is to be paid by the respondent and one-half by the petitioner), $100; medical bill of Dr. George F. Sullivan ($25 of which is to be paid by the petitioner and $10 by the respondent), $35; medical bill of St. Francis Hospital, which is to be paid by the respondent, $34; medical bill of Christ Hospital, $45.50, medical bill of Dr. Donald Minor, $155, medical bill of Dr. Maver, $15, all of which total $215.50 (one-half of which is to be paid by the petitioner and one-half by the respondent); petitioner's attorneys to receive a counsel fee of $400 (one-half of which is to be paid by the petitioner and one-half by the respondent); stenographer's fee $10 (one-half of which is to be paid by the petitioner and one-half by the respondent).

8. The foregoing adjustment and final disposition of the petitioner's claim appears to me as fair, just and ample compensation of any and all claims which the petitioner has or may have against the respondent, and I do therefore, as deputy commissioner, approve of the compromise and agreement which has been agreed upon by the petitioner and the respondent.

9. It further appears that the attorneys for the petitioner presented the matter of counsel fee to the board on November 5th, 1928, at which time the said board unanimously approved the allowance of the counsel fee aforementioned.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

CHARLES E. CORBIN,
*Deputy Commissioner.*